73 F.3d 377
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James W. LAWSON, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 95-3119.
 United States Court of Appeals, Federal Circuit.
 Nov. 22, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc Declined
March 8, 1996.
 
 Before RICH, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 James W. Lawson petitions for review of the final decision and order of the Merit Systems Protection Board ("Board") in Lawson v. Department of Health and Human Servs., 64 M.S.P.R. 673 (1994). In that decision, the Board dismissed Lawson's action for lack of subject matter jurisdiction under 5 U.S.C. Sec. 7521 (1994). We affirm.
 
 DISCUSSION
 
 2
 Lawson is an administrative law judge ("ALJ") in the Office of Hearings and Appeals of the Social Security Administration ("agency") in Fort Smith, Arkansas. In September of 1993, he filed an appeal with the Board entitled "Section 7521 Appeal and Request for Stay, and Whistleblower Appeal and Request for Stay." Lawson's action arose out of a conflict between himself and his superior, the Fort Smith Hearing Office's Chief ALJ. Lawson asserts that this conflict began after he informed the Regional Chief ALJ that the Fort Smith Chief ALJ was ill from alcoholism and the conversation was reported to the Fort Smith Chief ALJ. As a result, Lawson claims, he was harassed and subjected to unlawful and unfair treatment. Specifically, Lawson alleges that, among other things, the Chief ALJ attempted to interfere with his preparation of opinions,[1] delayed the processing of his cases, altered his hearing assignment schedule, denied various travel expenses and failed to reimburse travel claims, and improperly placed him on absent without leave ("AWOL") status.
 
 
 3
 Based on the above alleged facts, Lawson brought two claims before the Board. In the first claim, Lawson alleged that the Fort Smith Chief ALJ and others had interfered with the performance of his duties to such an extent that their actions resulted in his "constructive removal, suspension, and reduction in pay" without a hearing for good cause, in violation of 5 U.S.C. Sec. 7521 (1994). In his second claim, Lawson asserted that his statement about the Fort Smith ALJ's putative alcoholism was a disclosure subject to protection under the Whistleblower Protection Act of 1989, Pub.L. No. 101-12, 103 Stat. 16 (codified as amended at 5 U.S.C. Sec. 1201-06, 1211-22, 2302-05 (1994)). The Board dismissed both of these claims for lack of jurisdiction.
 
 
 4
 This court sets aside findings and decisions of the Board found to be
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence.
 
 
 8
 5 U.S.C. Sec. 7703(c) (1994). We find the Board's decision here to be free of error.
 
 
 9
 Lawson bears the burden of establishing the Board's subject matter jurisdiction by a preponderance of the evidence. 5 C.F.R. Sec. 1201.56(a)(2) (1995). The Board has jurisdiction only over subject matter explicitly granted to it by statute. Sannier v. Merit Sys. Protection Bd., 931 F.2d 856, 858 (Fed.Cir.1991). Section 7521(a) of title 5 establishes the Board's jurisdiction to hear actions brought by ALJs. 5 U.S.C. Sec. 7521(a). To the extent relevant here, the actions covered by 5 U.S.C. Sec. 7521 include removals, suspensions, reductions in grade, reductions in pay, and furloughs of 30 days or less. 5 U.S.C. Sec. 7521(b).
 
 
 10
 As far as constructive removal is concerned, Lawson has failed to make the allegation that is necessary before the Board may take jurisdiction over such a claim by an ALJ. In Sannier, we stated that "as long as the agency actions are not alleged to affect the ability of the ALJ to function as an independent and impartial decision maker, they cannot trigger Board jurisdiction under [5 U.S.C.] section 7521." 931 F.2d at 858. Lawson has not alleged that, as a result of the actions of his superiors, his "impartiality or independence in a particular appeal" was "compromised." Id. at 859.
 
 
 11
 Lawson also argues that the Board had jurisdiction over his appeal because money was allegedly debited from his paycheck when he was placed on AWOL status. Thus, so the argument goes, there was a reduction in pay within the meaning of the statute. The contention is without merit. The term "pay," for purposes of Sec. 7521, is defined as "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. Sec. 7511(a)(4) (1994). The meaning of the term "reduction in pay" is to be interpreted narrowly. Ohio National Life Ins. Co. v. United States, 807 F.2d 1577, 1581 (Fed.Cir.1986). Lawson does not argue that his rate of basic pay was reduced as a result of his being counted AWOL. Although money was allegedly debited from his paycheck, this does not constitute a reduction in pay for purposes of establishing Board jurisdiction.
 
 
 12
 Neither did the Board err in determining that it did not have jurisdiction over Lawson's whistleblower claim. The Whistleblower Protection Act requires that employees exhaust their administrative remedies by submitting allegations of prohibited personnel practices to the Office of Special Counsel before appealing to the Board. 5 U.S.C. Secs. 1214(a), 1221 (1994). Because Lawson failed to seek corrective action with the Office of Special Counsel before he filed his complaint with the Board, he failed to exhaust his remedies.[2] Consequently, the Board lacked jurisdiction.
 
 
 13
 Each party to bear its own costs.
 
 
 
 [1]
 The core of this charge was the complaint by Lawson that he was pressured to sign decisions drafted for him by staff attorneys without reviewing them first. In the course of the Board proceedings, however, Lawson acknowledged that this issue between him and the agency had been resolved
 
 
 [2]
 After he had filed his Board appeal, Lawson did seek corrective action with the Office of Special Counsel. However, the Office dismissed the matter because of the pending Board appeal